| | |
|---|---|
| 1 | **COLLINS & KHAN LLP** |
| | MARC A. COLLINS (SBN 136769) |
| 2 | AZIM KHANMOHAMED (SBN 277717) |
| | R. MICHAEL COLLUM (SBN 145105) |
| 3 | 3435 Wilshire Blvd., Ste. 2600 |
| | Los Angeles, CA 90010-2246 |
| 4 | Telephone: 323.549.0700 |
| | Facsimile: 323.549.0707 |
| 5 | |
| | Attorneys for Defendants |
| 6 | C. C. ASSOCIATES, L.P. and |
| | MALEK TAIAAN |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY SCHERER, an individual, | Case No. 2:20-cv-10485-ODW-RAO |
| Plaintiff, | Assigned for All Purposes To: Hon. Otis D. Wright, II |
| v. | |
| C. C. ASSOCIATES- a Limited Partnership, a California Limited Partnership; MALEK TAIAAN, | **ANSWER OF DEFENDANT C. C. ASSOCIATES, L.P. TO COMPLAINT OF GARY SCHERER** |
| Defendants. | |

Defendant C. C. ASSOCIATES – A LIMITED PARTNERSHIP, a California Limited Partnership ("Defendant"), for itself alone, and in answer to the complaint of Plaintiff GARY SCHERER ("Plaintiff"), admits, denies, and alleges as follows:

1. In answer to the allegations of paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations, and on that basis, Defendant denies such allegations.



1

**ANSWER OF DEFENDANT C. C. ASSOCIATES, L.P. TO COMPLAINT OF GARY SCHERER**

2.	In answer to the allegations of paragraph 2 of the Complaint, Defendant admits the allegations of paragraph 2 of the Complaint.

3.	In answer to the allegations of paragraph 3 of the Complaint, Defendant admits the allegations of paragraph 3 of the Complaint.

4.	In answer to the allegations of paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations.

5.	In answer to the allegations of paragraph 5 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations.

6.	In answer to the allegations of paragraph 6 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

7.	In answer to the allegations of paragraph 7 of the Complaint, Defendant admits that that Plaintiff has properly alleged jurisdiction.

8.	In answer to the allegations of paragraph 8 of the Complaint, Defendant states that this court should not exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim. Defendant states that Plaintiff fails to satisfy California's heightened pleading standards and instead attempts to circumvent the restrictions that California has imposed by bootstrapping the Unruh Act Claim with an ADA claim for injunctive relief in federal court.

9.	In answer to the allegations of paragraph 9 of the Complaint, Defendant admits that Plaintiff has properly alleged venue.

10.	In answer to the allegations of paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations.

11.	In answer to the allegations of paragraph 11 of the Complaint, Defendant admits that the business facility is a place of "public accommodation" within the meaning of 42 U.S.C. § 12181(7).



12. In answer to the allegations of paragraph 12 of the Complaint, Defendant alleges based upon information and belief that the property is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

13. In answer to the allegations of paragraph 13 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

14. In answer to the allegations of paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations, and on that basis, Defendant denies such allegations.

15. In answer to the allegations of paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations, and on that basis, Defendant denies such allegations.

16. In answer to the allegations of paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations, and on that basis, Defendant denies such allegations.

17. In answer to the allegations of paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations, and on that basis, Defendant denies such allegations.

18. In answer to the allegations of paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained



1  therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are
2  conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations,
3  and on that basis, Defendant denies such allegations.

4        19.    In answer to the allegations of paragraph 19 of the Complaint, Defendant lacks
5  knowledge or information sufficient to form a belief as to the truth of the allegations contained
6  therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are
7  conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations,
8  and on that basis, Defendant denies such allegations.

9        20.    In answer to the allegations of paragraph 20 of the Complaint, Defendant lacks
10  knowledge or information sufficient to form a belief as to the truth of the allegations contained
11  therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are
12  conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations,
13  and on that basis, Defendant denies such allegations.

14        21.    In answer to the allegations of paragraph 21 of the Complaint, Defendant lacks
15  knowledge or information sufficient to form a belief as to the truth of the allegations contained
16  therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are
17  conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations,
18  and on that basis, Defendant denies such allegations.

19        22.    In answer to the allegations of paragraph 22 of the Complaint, Defendant lacks
20  knowledge or information sufficient to form a belief as to the truth of the allegations contained
21  therein, and, on that basis, Defendant denies such allegations. To the extent the allegations are
22  conclusions of law, Defendant states that Defendant is unable to admit or deny those allegations,
23  and on that basis, Defendant denies such allegations

24        23.    In answer to the allegations of paragraph 20 of the Complaint, Defendant states that
25  Plaintiff appears to quote from the case known as *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008),
26  and that the case speaks for itself.

27
28



**FIRST CAUSE OF ACTION:**

**Violation of the Americans with Disabilities Act of 1990**

24. In answer to the allegations of paragraph 24 of the Complaint, Defendant incorporates by reference, as if fully set forth herein, their answer to each and every allegation contained in paragraphs 1-23, inclusive, of the Complaint.

25. In answer to the allegations of paragraph 25 of the Complaint, Defendant states that Plaintiff purports to quote from 42 U.S.C. §12182(a) of the ADA, and states the section speaks for itself.

26. In answer to the allegations of paragraph 26 of the Complaint, Defendant states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

27. In answer to the allegations of paragraph 27 of the Complaint, Defendant states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

28. In answer to the allegations of paragraph 28 of the Complaint, Defendant states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

29. In answer to the allegations of paragraph 29 of the Complaint, Defendant states that Plaintiff purports to quote from 28 C.F.R. § 36.211(a), and states the section speaks for itself.

30. In answer to the allegations of paragraph 30 of the Complaint, Defendant states such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

**SECOND CAUSE OF ACTION**

**Violation of the UNRUH Civil Rights Act, California Civil Code § 51 *et seq.***

31. In answer to the allegations of paragraph 31 of the Complaint, Defendant incorporates by reference, as if fully set forth herein, its answer to each and every allegation contained in paragraphs 1-30, inclusive, of the Complaint.



Case 2:20-cv-10485-ODW-RAO   Document 13   Filed 12/10/20   Page 6 of 11   Page ID #:63

32. In answer to the allegations of paragraph 32 of the Complaint, Defendant states that Plaintiff purports to quote from California Civil Code §51(f) and states that such section speaks for itself.

33. In answer to the allegations of paragraph 33 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

34. In answer to the allegations of paragraph 34 of the Complaint, Defendant states that such allegations are conclusions of law that Defendant is unable to admit or deny, and on that basis, Defendant denies such allegations.

## AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged in the Complaint, Defendant further alleges the following separate and independent affirmative defenses, without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof or persuasion as to any one or more of said defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint filed herein, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Standing)

2. Plaintiff lacks standing to pursue any and all of his alleged claims, whether on his own behalf or on behalf of others.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3. Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the applicable statute of limitations.



6
**ANSWER OF DEFENDANT C. C. ASSOCIATES, L.P. TO COMPLAINT OF GARY SCHERER**

**FOURTH AFFIRMATIVE DEFENSE**

**(Duty to Mitigate)**

4. If Plaintiff suffered economic injury as a result of Defendant's actions, although such is not admitted herein, Plaintiff had a duty to mitigate such damages and failed to do so.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

5. If Plaintiff is entitled to recover damages arising from his claims, although no such liability or damages are admitted herein, such damages shall be reduced in proportion to the amount of culpability attributable to Plaintiff which directly and proximately contributed to Plaintiff's alleged loss or damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Third Party Liability)**

6. Third party individuals and entities willfully, or by want of ordinary care, proximately caused or contributed to the damages sustained, if any, by Plaintiff. Accordingly, any damages to which Plaintiff might be entitled should be apportioned by the amount of fault attributable to such third parties.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Indemnity)**

7. In the event that Plaintiff should be awarded judgment against Defendant in any manner or amount, Defendant is entitled to indemnity for such amounts from those parties, including those presently unknown or unidentified, who are primarily responsible for such damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Authority or Ratification)**

8. To the extent that any breach, act, omission, representation, or course of conduct of persons or entities other than Defendant caused or contributed to the damages sustained, if any, by Plaintiff, said persons or entities were acting without the consent, authorization, knowledge, and/or ratification of Defendant.



**ANSWER OF DEFENDANT C. C. ASSOCIATES, L.P. TO COMPLAINT OF GARY SCHERER**

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Plead Exemplary Damages)

9. Plaintiff's causes of action, and each of them, fail to state facts sufficient to allow recovery of exemplary damages or punitive damages.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10. Plaintiff's conduct and actions in connection with the matters alleged in his Complaint deprives him of clean hands, and by reason of so coming into this Court, he is precluded from recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

11. Defendant is informed and believes, and alleges thereon, that Plaintiff engaged in inequitable conduct and activities in connection with the subject of this proceeding, and by reason of the same, is estopped from asserting any claims for damages or other relief sought against the answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12. The Complaint and each alleged cause of action therein are barred, in whole or in part, by the equitable doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13. The Complaint and each alleged cause of action therein are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

14. The Complaint and each alleged cause of action therein are barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.



### FIFTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

15.   Each and every cause of action alleged in Plaintiff's Complaint is frivolous, unreasonable and/or groundless, and accordingly, Defendant should recover all costs and attorneys' fees incurred herein under applicable federal and state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's Complaint, or parts thereof, is barred because the accommodations sought by Plaintiff are not required by law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

17.   At all relevant times, Defendant acted reasonably and in good faith, based on circumstances known to it at the time, and with reasonable grounds to believe it was not in violation of federal and/or state law. Accordingly, Plaintiff is barred, in whole or in part, from recovery in this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Defendant is informed and believes, and based thereon alleges, that any and all relevant portions of the property are reasonably accessible to and usable by individuals with disabilities in accordance with the Americans with Disabilities Act to the maximum extent feasible, and therefore Defendant is in compliance with applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Offset)

19.   Defendant alleges that it has suffered damages by reason of Plaintiff's conduct and have the right of set-off with respect to any amount of money that might be owed by Plaintiff or due to Plaintiff by way of damages.



**TWENTIETH AFFIRMATIVE DEFENSE**

**(Civil Code Sec. 55.56)**

20. Defendant is informed and believes, and based thereon alleges, that Plaintiff was not denied full and equal access as he suffered no difficulty, discomfort, or embarrassment because of the alleged violation(s).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Civil Code Sec. 55.56 - Reduced Damages)**

21. Assuming arguendo that answering Defendant acted or failed to act as alleged in the Complaint, Defendant can demonstrate that it has corrected all alleged violations, and as such the statutory damages are to be reduced.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Assuming arguendo that answering Defendant acted or failed to act as alleged in the Complaint, the Plaintiff seeks accommodations and modifications of the property that are excused by law because they are not readily achievable, would fundamentally alter the nature of the goods and services offered and/or would impose an undue hardship.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

23. Defendant alleges that Plaintiff is not entitled to attorneys' fees.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Reserved Defenses)**

24. Defendant is informed and believes, and alleges thereon, that there may be additional defenses available to Defendant which are not now fully known. Defendant reserves the right to allege and assert such additional defenses, once such defenses are ascertained during discovery, and to amend their Answer accordingly.



## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiff, whether individually or on behalf of any others, as follows:

1. That Plaintiff takes nothing by this action;
2. That Plaintiff's Complaint, and each cause of action alleged, be dismissed with prejudice, and judgment be entered in favor of Defendant on each cause of action;
3. That Defendant be awarded its costs and attorneys' fees incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: December 10, 2020    **COLLINS & KHAN LLP**

By:    */s/ Marc A. Collins*

MARC A. COLLINS
AZIM KHANMOHAMED
SIMRAN GREWAL
Attorneys for Defendants
C. C. ASSOCIATES, L.P. and
MALEK TAIAAN



11
**ANSWER OF DEFENDANT C. C. ASSOCIATES, L.P. TO COMPLAINT
OF GARY SCHERER**